[Cite as *State v. Bowen*, 2017-Ohio-2879.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2016-CA-4 |
| | : | |
| v. | : | T.C. NO. 14-CR-492 |
| | : | |
| FRANK L. BOWEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___19th___ day of _____May_____, 2017.

. . . . . . . . . . .

ANTHONY E. KENDELL, Atty. Reg. No. 0067242, Prosecuting Attorney, 201 W. Main Street, Safety Bldg., Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

PETER GALYARDT, Atty. Reg. No. 0085439, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Frank L. Bowen was convicted after jury trials in the Miami County Court of Common Pleas of murder, gross abuse of a corpse, tampering with evidence, and safecracking. The trial court sentenced him to a mandatory term of 15 years to life in prison for the murder, 12 months for gross abuse of a corpse, 36 months for tampering

with evidence, and 12 months for safecracking. The murder and tampering with evidence sentences were run consecutively, with the other sentences to run concurrently; Bowen's aggregate sentence was 18 years to life in prison.

{¶ 2} We note that the jury trials lasted approximately ten days.[1] On appeal, Bowen's sole assignment of error claims that the trial court violated his constitutional rights when it "found him guilty of felony murder with felonious assault as the predicate offense." He argues that, because all purposeful killings include a felonious assault, Ohio's felony murder statute "eliminates the crime of purposeful murder when, as here, felonious assault serves at the predicate felony." Bowen relies on *Illinois v. Morgan*, 197 Ill.2d 404, 758 N.E.2d 813 (2001), to support his argument.

{¶ 3} Bowen acknowledges that we have previously rejected his argument in *State v. Mays*, 2d Dist. Montgomery No. 24168, 2012-Ohio-838, and that we declined "to change our position on the matter" in *State v. Slaughter*, 2d Dist. Montgomery No. 25215, 2014-Ohio-862. He nevertheless asks us to reconsider our prior rulings.

{¶ 4} Ohio's felony murder statute, R.C. 2903.02(B), states: "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree * * *." "Therefore, in order to convict a defendant of felony murder, the State is not required to prove that the defendant had an intent to kill, but instead must prove that the defendant intended to commit the underlying felony that proximately caused the victim's death." *Slaughter* at ¶ 35, citing *Mays* at ¶ 6.

---

[1] A jury found Bowen guilty of safecracking on August 4, 2015. After a second jury trial in January 2016 on the three additional counts, Bowen was found guilty of murder, gross abuse of a corpse, and tampering with evidence.

{¶ 5} We noted in *Mays* and *Slaughter* that, in response to widespread criticism concerning felony murder's intent requirement, many jurisdictions have developed ways to confine the application of the offense. *Mays* at ¶ 7-8; *Slaughter* at ¶ 36. One way is the independent-felony/merger doctrine, which precludes certain particularly dangerous felonies from qualifying as the underlying offense for felony murder. *Mays* at ¶ 8; *Slaughter* at ¶ 36. However, we concluded in *Mays* that Ohio does not recognize the independent-felony/merger doctrine, and that the absence of the independent-felony or merger limitation is not unconstitutional. *Mays* at ¶ 10-12.

{¶ 6} Finally, we noted in *Mays* that the Ohio Supreme Court has upheld convictions for felony murder where the underlying offense of violence was felonious assault. *Mays* at ¶ 11, discussing *State v. Miller*, 96 Ohio St.3d 384, 2002-Ohio-4931, 775 N.E.2d 495. In *Miller*, the defendant shot his wife in the cheek at close range, and the Supreme Court concluded that the evidence was sufficient to support a conviction for felony murder based on felonious assault. The Supreme Court stated:

If defendant knowingly caused physical harm to his wife by firing the gun at her through a holster at close range, he is guilty of felonious assault. The fact that she died from her injuries makes him guilty of felony murder, regardless of his purpose.

The defendant contends that since felony murder has a lesser mens rea standard (knowingly) than murder (purposely), and since the two crimes carry the same punishment, prosecutors will now seek murder convictions under the felony murder statute based on felonious assault. However, prosecutors can still charge in the alternative and generally seek an

indictment most aligned with the facts of the case. In addition, the General Assembly has chosen to define felony murder in this manner, and the General Assembly is presumed to know the consequences of its legislation.

*Miller* at ¶ 33-34; *see also State v. Walker*, Ohio Sup. Ct. Slip Opinion No. 2016-Ohio-8295, ¶ 13 (concluding that the evidence "fully supported" defendant's conviction for felony murder where the underlying offense was felonious assault).

{¶ 7} Bowen relies on the Illinois Supreme Court's decision in *Morgan*, 197 Ill.2d 404, 758 N.E.2d 813, in which a 14-year-old defendant was convicted of the shooting deaths of his maternal grandparents. Morgan was charged with felony murder, among other offenses. In Illinois, felony murder is defined as: "A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death: * * * (3) he is attempting or committing a forcible felony other than second degree murder." 720 Ill.Ann.Stat. 5/9-1(a)(3).

{¶ 8} Addressing the charges of felony murder, the Illinois Supreme Court held that, "where the acts constituting forcible felonies arise from and are inherent in the act of murder itself, those acts cannot serve as predicate felonies for a charge of felony murder." *Morgan*, 758 N.E.2d at 838; *see also Illinois v. Davison*, 236 Ill.2d 232, 923 N.E.2d 781 (2010). With respect to the specific charges against Morgan, the Illinois Supreme Court concluded that the underlying charges of aggravated battery and aggravated discharge of a firearm were acts that were inherent in, and arose out of, the fatal shootings, and thus the jury should not have been instructed that Morgan could be convicted of first-degree murder on a felony-murder theory. *Morgan* at 838. The court explained it was arguable that the murders gave rise to the predicate felonies, rather than the predicate

felonies resulting in the murders. *Id*.; *see Davison*, 923 N.E.2d at 786. (For reasons that are not relevant to this case, the Illinois Supreme Court found that the erroneous jury instruction was harmless.)

{¶ 9} The Illinois Supreme Court concluded in *Morgan* that the predicate offense underlying felony murder must have an independent felonious purpose. *Morgan* at 844; *Davison* at 786. Even if we were to agree with the Illinois Supreme Court, the Ohio Supreme Court and the Ohio legislature have not adopted such a view. For the reasons set forth here and in *Mays* and *Slaughter*, we decline to reconsider our prior rulings on this issue.

{¶ 10} Bowen's assignment of error is overruled.

{¶ 11} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Anthony E. Kendell
Peter Galyardt
Hon. Christopher Gee